UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD TRADING LTD. *doing business as* TMG METAL,<br><br>　　　　　Plaintiff,<br>v.<br><br>ES ELECTRONIC & METAL MANAGEMENT, INC., ESR SCRAP METAL RECYCLER *doing business as* E.S. Recycling Express Corporation, SGR METAL, INC., JOHN DOES 1-20 *who are individuals whose identities are not yet known who have harmed Plaintiff*,<br><br>　　　　　Defendant. | Civil Action No.<br><br>2:14-cv-06332-MCA-LDW<br><br>**REPORT & RECOMMENDATION** |

### **LEDA DUNN WETTRE, United States Magistrate Judge**

This matter, having been opened by the Court *sua sponte* based on defendants' multiple failures to comply with this Court's orders and appear by counsel as required; and defendants having failed to respond to the Court's January 12, 2016 Order to Show Cause why their Answer should not be stricken and default entered against them (ECF No. 39); and for good cause shown; it is respectfully recommended that defendants' Answer be stricken and default be entered against all named defendants.

### **BACKGROUND**

Plaintiff commenced this action on October 13, 2014 with the filing of a Complaint, subsequently amended, alleging, *inter alia*, breach of contract and negligence stemming from agreements whereby plaintiff would purchase scrap metals from defendants ES Electronic & Metal Management, Inc., ESR Scrap Metal Recycler, SGR Metal and John

Does 1-20. (ECF No. 4). After the corporate defendants failed timely to respond to the Amended Complaint, plaintiff requested Clerk's entry of default, which was entered on February 18, 2015. (ECF No. 8). Plaintiff thereafter moved for default judgment. (ECF No. 9).

On April 5, 2015 counsel for the corporate defendants appeared and on the following day filed a motion to dismiss the Complaint for lack of jurisdiction and to set aside entry of default. (ECF No. 11). After holding oral argument, the Court denied the motion for default judgment and the motion to dismiss, gave plaintiff further leave to amend the Complaint, and instructed the parties to engage in jurisdictional discovery. (ECF No. 27).

Defendants answered the Second Amended Complaint on August 25, 2015. (ECF No. 31). But two months later, counsel for plaintiff advised the Court that defendants had failed to provide responses to any of plaintiff's discovery demands that had been propounded as part of the jurisdictional discovery ordered by the Court. (ECF No. 34). Defendants' attorneys thereafter moved to withdraw as counsel on the grounds that their contact person at defendants, Mr. Man Da Ho, had ceased all communication with their firm. (ECF No. 37). Counsel reported in a letter to the Court that defendants had indicated that they did not intend to respond to the outstanding discovery requests, appear as ordered by the Court for an upcoming settlement conference, or pay outstanding legal fees due under the retainer agreement. (ECF No. 35, 37).

The Court granted counsel's motion to withdraw and ordered the defendants, who as corporate parties cannot appear *pro se*, to appear by new counsel no later than December

18, 2015. (ECF No. 38). Defendants' former counsel served this order on his clients on December 4, 2015. (ECF No. 41). After defendants failed to appear by counsel or otherwise contact the Court by the prescribed deadline, the Court ordered defendants to appear before the undersigned on February 11, 2016 to show cause why their answer should not be stricken and default entered. (ECF No. 39). Defendants did not appear, nor have they communicated with the Court about their failure to appear. Due to their failure to comply with the Court's orders or communicate with the Court, this case has been at a standstill for several months.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed. R. Civ. P. 37(b)(2). A court may strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may deprive a party of the right to proceed with or defend against a claim, courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose that sanction. *See Comdyne I, Inc, v. Corbin*, 908 F.2d 1142, 1148. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868 (emphasis omitted). No single *Poulis* factor is determinative and sanctions may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility.** In this case it appears that the corporate defendants are solely responsible for their failure to comply with this Court's orders and defend this matter. According to their counsel's letter to the Court of October 28, 2015, defendants' principal refused to abide by court orders of which he was "fully aware." (ECF No. 35 at 1). Defendants since then have been unreachable and have failed to respond to multiple court orders. As such, this factor weighs in favor of striking defendants' Answer.

**2. Prejudice to Plaintiff.** The Court finds that manifest injustice would result to plaintiff if defendants' Answer is not stricken. Defendants' failure to participate in this action has unduly prejudiced plaintiff by retarding the progress of this action, and there is no indication that defendants intend ever to resume defense of this matter. Therefore, this factor weighs in favor of striking the defendants' Answer.

**3. History of Dilatoriness.** Defendants have demonstrated a history of dilatoriness. The initially failed to respond to the Amended Complaint. After a short period of participating in the litigation, they failed to respond to discovery, respond to their counsel, or comply with court orders. Defendants' inaction in this regard further supports striking their Answer.

**4. Willfulness or Bad Faith.** The Court will not conclude that defendants have proceeded in bad faith, but their conduct plainly has been willful. Defendants have been unresponsive to counsel and court orders, despite having been informed of their

with their counsel and the Court only further supports striking their Answer and entering default.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that defendants' Answer be **STRICKEN** pursuant to Fed. R. Civ. P. 37(b)(2) and default be entered pursuant to Fed. R. Civ. P. 55(a). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: April 13, 2016

/s/ Leda Dunn Wettre
Hon. Leda Dunn Wettre
United States Magistrate Judge

Cc:   Hon. Madeline Cox Arleo
      All parties

responsibilities to participate in this litigation. These circumstances, when taken as a whole, suggest that defendants have abandoned their defense of this case and further support striking their Answer as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default. *See Ghana v. New Jersey State Parole Bd.*, No. 01-1620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, the record of unresponsiveness suggests that alternative sanctions would be futile. The Court has no ability to communicate with any legal representative of defendants because none has appeared, making any further Court proceedings impracticable in light of the proscription against corporate defendants appearing *pro se*. On the facts outlined above, no lesser sanction than striking defendants' pleading and entering default would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460, 2011 WL 2610098 (D.N.J. June 15, 2011).

**6. Meritoriousness of the Claim.** The Court is unable to determine the meritoriousness of the defendants' defenses due to defendants' failure to participate in this action.

In sum, the Court finds the *Poulis* factors weigh in favor of striking defendants' Answer and entering default against them. Of primary concern is defendants' failure to retain counsel after being advised by the Court that their corporate status prohibits them from proceeding *pro se*. Of equal concern is defendants' failure to communicate in any manner with the Court either to request an extension of time to retain counsel or otherwise explain their failure to abide by the Court's orders. Defendants' failure to communicate

5